## Phennicie v. Whitefield

Before Gibson, P. J., and Carson, J.

*Louis R. Oppenheim, Sherman H. Siegel,* for plaintiff.

*Clarence O. Devore,* for defendant.

GIBSON, P. J., April 10, 1950.—At first appearance, this proceeding is somewhat involved and necessitates a statement of fact.

As appears from the pleadings, Arena Bell McNair was the owner of certain real estate situate in the

Borough of Donora, which she conveyed to Melissa Eleanor Locke by deed dated March 30, 1943.

Arena Bell McNair died intestate on March 16, 1944, and on February 27, 1945, letters of administration were granted on her estate to John B. Whitefield.

On March 2, 1945, Bessie L. Phennicie entered a precautionary suit by filing a praecipe and directing the indexing of the proceeding against decedent and the administrator.

On January 30, 1950, a complaint in assumpsit was filed in the precautionary suit above referred to.

In the meantime, Bessie L. Phennicie brought an action in equity against Melissa Eleanor Locke, alleging that the conveyance made by Arena Bell McNair to Melissa Eleanor Locke, above referred to, was fraudulent, and seeking to recover the title so conveyed for the protection of her claim against the Arena Bell McNair estate.

On January 31, 1950, Melissa Eleanor Locke presented her petition, seeking to intervene in the assumpsit action, on which a rule was issued and proceedings were stayed pending determination of the rule.

To this petition an answer was filed on behalf of Bessie L. Phennicie, denying the right to intervene.

On February 27, 1950, an answer was filed to the complaint in assumpsit. It also contained a counterclaim alleging that Bessie L. Phennicie was indebted to the estate of Arena Bell McNair on two judgment notes, copies of which notes were not attached. The affidavit to this answer was made by the attorney for the administrator, who was also the attorney for Melissa Eleanor Locke, and in the affidavit the attorney set forth that the administrator had refused to make the affidavit to the answer, stating that "he did not want to take sides," and, therefore, the attorney for the parties had made the affidavit.

Preliminary objections were filed to this last pleading, alleging that the affidavit was not by a party to the proceedings and that copies of the written notes were not attached.

We think that Melissa Eleanor Locke should be permitted to intervene in this proceeding. If it is intended to use the judgment secured in the assumpsit action for the purpose of showing that the real estate, the title to which is in Mrs. Locke, is subject to the lien of the debt claimed by plaintiff, then Mrs. Locke is an interested party and for the protection of her title she should be permitted to intervene. This is particularly so where the adminstrator refuses to perform his duty and defend the estate against the claim for which suit has been brought.

We think the answer filed in the action of assumpsit is insufficient in its present form.

Pa. R. C. P. 1024 requires that pleadings be verified on oath or affirmation and designates the person who shall make such verification, namely, one or more of the parties filing the pleading, except where all of the parties lack sufficient knowledge or information or are outside the jurisdiction of the court and the verification cannot be obtained within the time allowed. It does not appear here that the administrator either lacks sufficient knowledge or information or was outside the jurisdiction of the court. It only appears that he was unwilling to perform his duty as administrator and that his attorney, who was also attorney for Mrs. Locke, made the affidavit for the purpose of preventing a judgment being taken in default of an answer.

This answer was also insufficient by reason of failure to comply with Pa. R. C. P. 1019 (h), requiring the pleading to state specifically whether or not a claim or defense set forth is based upon a writing, and if on a writing requiring a copy of the writing to be attached. A copy of these notes should be attached to the answer.

The answer not conforming to the requirements of the Procedural Rules should be stricken off and an opportunity granted for the filing of a proper answer.

Since we are now making an order permitting Melissa Eleanor Locke to intervene as a party defendant, she may now make the affidavit to the answer and this difficulty will be removed.

And now, April 10, 1950, we make the following

### Order

1. The rule issued under our order of January 31, 1950, to show cause why Melissa Eleanor Locke should not be permitted to intervene as a party defendant, is hereby made absolute.

2. The answer of John B. Whitefield to the action of assumpsit filed February 27, 1950, is hereby stricken from the record, with leave to John B. Whitefield, administrator, or Melissa Eleanor Locke, or both of them, to file an answer to plaintiff's complaint in assumpsit within 20 days from the date of the filing of this order, of which filing the prothonotary shall forthwith give notice to counsel of record.